**David D. Gallup, Managing Investigator**

**ICEKEY INVESTIGATIONS**

**P.O. Box 981804**

**Park City, Utah 84098**

**(435) 513-0280**

**icekeyinvestigations@live.com**

**Served:** Harris Simmons c/o Geoff Landwood c/o Cynthia Grua

**Served by:** D Gallup

**Date:** 11/10/21 **Time:** 4:23 p.m.

**Address:** 60 S. 400 W., Salt Lake City, Utah

## IN THE THIRD DISTRICT COURT

## SALT LAKE COUNTY STATE OF UTAH

| | |
|---|---|
| ARIIYANA RINGGOLD, AND MILES RAMSEY, on behalf of themselves and all others similarly situated, <br><br> PLAINTIFFS, <br><br> V. <br><br> UTAH SYSTEM OF HIGHER EDUCATION; AND, HARRIS H. SIMMONS. <br><br> DEFENDANTS. | **Proof of Service under URCP 4** <br><br> Case No. 210903725 <br><br> Judge Keith Kelly |

(1)    The following documents were served by the method described below:

☒    Summons

☒    Class Action
   Complaint and Demand for Jury Trial

**Service by Third Person** (Note: Certain people and entities must be served in a certain way. This form includes only the most common ways. Consult URCP 4(d) for others.)

(2)    ☒    I am over the age of 18. I am not a party to this action. I am not an attorney for a party to this action.

(3)    ☒    On 11/10/21, I went to 60 S. 400 W., Salt Lake City, Utah, and I delivered the documents listed in Paragraph (1) to Harris Simmons c/o Geoff Landwood c/o Cynthia Grua, who is:

| | | |
|---|---|---|
| ☐ | The named party defendant/respondent. | Serving defendant-respondent by delivery |
| ☐ | A person of suitable age and discretion residing at that address, which is the named party's dwelling house. | Serving an individual by leaving at his/her home |
| ☒ | An agent authorized by appointment or by law to receive service of process on behalf of the named party. | Serving an individual by delivery to an agent |
| ☐ | Describe how you served the document. | Other. See URCP 4. |

I have not included any non-public information from this document.

I declare under penalty of Utah Code Section 78B-5-705 that everything stated in this document is true and correct.

Date   11/10/21 _____     **Sign here ▶**   /s/ David Gallup _____

Typed or printed name   David D. Gallup, P.I. UT LIC G102640 _____

---

**Certificate of Service**

I certify that I served a copy of this Proof of Service under URCP 4 on the following people.

| Person's Name | Method of Service | Served at this Address | Served on this Date |
|---|---|---|---|
| Harris Simmons c/o Geoff Landwood c/o Cynthia Grua | ☒ Hand Delivery<br><br>☒ Left at business (With person in charge or in receptacle for deliveries.)<br>☐ Left at home (With person of suitable age and discretion residing there.) | 60 S. 400 W., Salt Lake City, Utah | 11/10/21 |

Date   11/10/21 _____     **Sign here ▶**   /s/ David Gallup _____

Typed or printed name   David D. Gallup, P.I. UT LIC G102640 _____

---

**FOR ICEKEY INVESTIGATIONS OFFICE USE ONLY**

| SERVED: | Harris Simmons c/o Geoff Landwood c/o Cynthia Grua | | | | | | SERVED TITLE:  Agent | | |
|---|---|---|---|---|---|---|---|---|---|
| OFFICE NOTES | | | | | | | SERVICE FEES: $75.00 | | |
| Military | Age | Weight | Height | Eyes | Hair | Race | Gender | Hos | 11/10/21 4:23 p.m. |
| | 55 | 167 | 5/8 | ? | BRW | C | F | N | SERVER NAME  D Gallup |

Deborah R. Chandler (Utah Bar No. 12057)
Samantha E. Hawe (Utah Bar No. 17615)
ANDERSON & KARRENBERG
50 West Broadway, Suite 600
Salt Lake City, Utah 84101
Telephone: (801) 639-0954
dchandler@aklawfirm.com
shawe@aklawfirm.com

Edward W. Ciolko (*subject to Pro Hac Vice admission*)
Lynch Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (267) 609-1990
eciolko@lcllp.com

*Attorneys for Plaintiffs and Proposed Class*

## IN THE THIRD DISTRICT COURT, SALT LAKE COUNTY
## STATE OF UTAH

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| **ARIIYANA RINGGOLD, AND MILES RAMSEY,** *on behalf of themselves and all others similarly situated,* | ) ) ) ) | |
| **PLAINTIFFS,** | ) ) | **SUMMONS** |
| **V.** | ) ) | Case No. 210903725 |
| **UTAH SYSTEM OF HIGHER EDUCATION;** *AND*, **HARRIS H. SIMMONS.** | ) ) ) | Judge Keith Kelly |
| **DEFENDANTS.** | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE STATE OF UTAH TO THE NAMED DEFENDANTS:

Harris H. Simmons, Chair
Two Gateway
60 South 400 West
Salt Lake City, UT 84101

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court, 450 South State Street, Salt Lake City, Utah 84114 and to serve upon Plaintiffs' attorneys, Deborah Chandler, Anderson & Karrenberg, 50 West Broadway, Suite 600, Salt Lake City, Utah 84101-2035, an Answer to the Class Action Complaint, which is herewith served upon you, within twenty-one (21) days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Class Action Complaint, the original of which has been filed with the Clerk of the Court and a copy of which is attached and served upon you.

DATED: November 10, 2021.

ANDERSON & KARRENBERG

/s/ Deborah R. Chandler
Deborah R. Chandler
Samantha E. Hawe
Attorneys for Plaintiffs and Proposed Class

**David D. Gallup, Managing Investigator**

**ICEKEY INVESTIGATIONS**

P.O. Box 981804

**Park City, Utah 84098**

**(435) 513-0280**

icekeyinvestigations@live.com

**Served:** Utah System of Higher Education c/o Geoff Landwood c/o Cynthia Grua

**Served by:** D Gallup

**Date:** 11/10/21 **Time:** 4:23 p.m.

**Address:** 60 S. 400 W., Salt Lake City, Utah

---

## IN THE THIRD DISTRICT COURT

## SALT LAKE COUNTY STATE OF UTAH

| | |
|---|---|
| ARIIYANA RINGGOLD, AND MILES RAMSEY, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS,<br><br>V.<br><br>UTAH SYSTEM OF HIGHER EDUCATION; AND, HARRIS H. SIMMONS.<br><br>DEFENDANTS. | **Proof of Service under URCP 4**<br><br>Case No. 210903725<br><br>Judge Keith Kelly |

(1)     The following documents were served by the method described below:

☒     Summons

☒     Class Action
         Complaint and Demand for Jury Trial

**Service by Third Person** (Note: Certain people and entities must be served in a certain way. This form includes only the most common ways. Consult URCP 4(d) for others.)

(2)     ☒     I am over the age of 18. I am not a party to this action. I am not an attorney for a party to this action.

(3)     ☒     On 11/10/21, I went to 60 S. 400 W., Salt Lake City, Utah, and I delivered the documents listed in Paragraph (1) to Utah System of Higher Education c/o Geoff Landwood c/o Cynthia Grua, who is:

| | |
|---|---|
| ☐   The named party defendant/respondent. | Serving defendant-respondent by delivery |
| ☐   A person of suitable age and discretion residing at that address, which is the named party's dwelling house. | Serving an individual by leaving at his/her home |
| ☒   An agent authorized by appointment or by law to receive service of process on behalf of the named party. | Serving an individual by delivery to an agent |
| ☐   Describe how you served the document. | Other. See URCP 4. |

I have not included any non-public information from this document.

I declare under penalty of Utah Code Section 78B-5-705 that everything stated in this document is true and correct.

Date   11/10/21                              Sign here ▶   /s/ David Gallup

                        Typed or printed name   David D. Gallup, P.I. UT LIC G102640

---

### Certificate of Service

I certify that I served a copy of this Proof of Service under URCP 4 on the following people.

| Person's Name | Method of Service | Served at this Address | Served on this Date |
|---|---|---|---|
| Utah System of Higher Education c/o Geoff Landwood c/o Cynthia Grua | ☒ Hand Delivery<br><br>☒ Left at business (With person in charge or in receptacle for deliveries.)<br>☐ Left at home (With person of suitable age and discretion residing there.) | 60 S. 400 W., Salt Lake City, Utah | 11/10/21 |

Date   11/10/21                              Sign here ▶   /s/ David Gallup

                        Typed or printed name   David D. Gallup, P.I. UT LIC G102640

---

### FOR ICEKEY INVESTIGATIONS OFFICE USE ONLY

| SERVED: | Utah System of Higher Education c/o Geoff Landwood c/o Cynthia Grua | | | | | | SERVED TITLE:  Agent | |
|---|---|---|---|---|---|---|---|---|
| OFFICE NOTES | | | | | | | SERVICE FEES: $75.00 | |
| Military | Age | Weight | Height | Eyes | Hair | Race | Gender | Hos | 11/10/21 4:23 p.m. |
| | 55 | 167 | 5/8 | ? | BRW | C | F | N | SERVER NAME  D Gallup |

Deborah R. Chandler (Utah Bar No. 12057)
Samantha E. Hawe (Utah Bar No. 17615)
ANDERSON & KARRENBERG
50 West Broadway, Suite 600
Salt Lake City, Utah 84101
Telephone: (801) 639-0954
dchandler@aklawfirm.com
shawe@aklawfirm.com

Edward W. Ciolko (*subject to Pro Hac Vice admission*)
Lynch Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (267) 609-1990
eciolko@lcllp.com

*Attorneys for Plaintiffs and Proposed Class*

## IN THE THIRD DISTRICT COURT, SALT LAKE COUNTY
## STATE OF UTAH

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| **ARIIYANA RINGGOLD, AND MILES RAMSEY,** *on behalf of themselves and all others similarly situated,* | ) ) ) ) | |
| **PLAINTIFFS,** | ) ) | **SUMMONS** |
| **v.** | ) ) | Case No. 210903725 |
| **UTAH SYSTEM OF HIGHER EDUCATION;** *AND,* **HARRIS H. SIMMONS.** | ) ) | Judge Keith Kelly |
| **DEFENDANTS.** | ) ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE STATE OF UTAH TO THE NAMED DEFENDANTS:

Utah System of Higher Education
Office of the Commissioner
Dave R. Woolstenhulme, Commissioner
Two Gateway
60 South 400 West
Salt Lake City, UT 84101

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court, 450 South State Street, Salt Lake City, Utah 84114 and to serve upon Plaintiffs' attorneys, Deborah Chandler, Anderson & Karrenberg, 50 West Broadway, Suite 600, Salt Lake City, Utah 84101-2035, an Answer to the Class Action Complaint, which is herewith served upon you, within twenty-one (21) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Class Action Complaint, the original of which has been filed with the Clerk of the Court and a copy of which is attached and served upon you.

DATED: November 10, 2021.

ANDERSON & KARRENBERG

/s/ Deborah R. Chandler
Deborah R. Chandler
Samantha E. Hawe
*Attorneys for Plaintiffs and Proposed Class*

Deborah R. Chandler (Utah Bar No. 12057)
Samantha E. Hawe (Utah Bar No. 17615)
ANDERSON & KARRENBERG
50 West Broadway, Suite 700
Salt Lake City, Utah 84101
Telephone: (801) 639-0954
dchandler@aklawfirm.com
shawe@aklawfirm.com

*Attorneys for Plaintiffs and Proposed Class*

## IN THE THIRD DISTRICT COURT, SALT LAKE COUNTY
## STATE OF UTAH

| | |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| **ARIIYANA RINGGOLD, AND MILES RAMSEY,** *on behalf of themselves and all others similarly situated,* ) ) ) | Case No. |
| | ) |
| **PLAINTIFFS,** ) | |
| | ) **CLASS ACTION COMPLAINT AND** |
| **V.** ) | **DEMAND FOR JURY TRIAL** |
| | ) |
| **UTAH SYSTEM OF HIGHER EDUCATION;** ) *AND*, **HARRIS H. SIMONS.** ) | |
| | ) |
| **DEFENDANTS.** ) | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |

Plaintiffs, Ariiyana Ringgold and Miles Ramsey (collectively, "Plaintiffs"), by and through their undersigned counsel, brings this Class Action Complaint against Defendants, the Utah System of Higher Education (the "System"), and Harris H. Simons in his capacity as Chairman of the Board of Regents of the System (the "Board" or, collectively with the System, "Defendants"), and allege as follows based upon information and belief, except as to the allegations specifically pertaining to them, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of all persons who paid or will pay tuition and/or fees to attend one of the Universities[1] under the control of the Board (collectively, the "Universities") for an in-person, hands on education for the Spring 2020 semester, Summer 2020 semester, and any future semester affected by Coronavirus Disease 2019 ("COVID-19") when their course work moved to online learning. Such persons paid all or part of the tuition for each semester, housing fees, and/or mandatory fees that varied depending upon which of the Universities the student was enrolled ("Mandatory Fees").  The Universities have not provided just compensation for the taking of Plaintiffs' and the Class members' constitutionally protected property in the form of on-going contractual services and funds (tuition, housing fees, and Mandatory Fees).

2.      Because of the Universities' response to the COVID-19 pandemic, on or about mid-March, 2020, the Universities ceased in-person and on-campus learning, and ceased or severely limited any of the services or facilities the Mandatory Fees were intended to cover.

3.      Some of the Universities have also provided students with a partial refund of housing costs, but only if the students were able to move out prior to a strict move-out date. Those students who moved out of housing after the strict move-out date should also be entitled to a just compensation for the taking of their housing fees and the unilateral cancellation of their constitutionally protected contractual interests.

4.      In short, as to tuition, Plaintiffs and the members of the Class have paid tuition for an in-person education and educational experience, with all the appurtenant benefits offered as a

---

[1]Dixie State University, Salt Lake Community College, Southern Utah University, Snow College, University of Utah, Utah State University, Utah Valley University, and Weber State University.

result, and were provided a materially different and less valuable product, which constitutes a breach of the contract entered into by Plaintiffs and the Class with the Universities. As said in New York Magazine, "*Universities are still in a period of consensual hallucination with each saying, 'We're going to maintain these prices for what has become, overnight, a dramatically less compelling product offering.'*"[2]

5.     As to the Mandatory Fees, Plaintiffs and the Class have paid fees for services and facilities which are simply not being provided; this failure also constitutes a breach of the contracts entered into by Plaintiffs and the Class with the Universities.

6.     As a result of ceasing or severally limiting the promised benefits, the Universities unlawfully failed to perform its ongoing contractual obligations and seized and are in possession of property (funds) of the Plaintiffs and Class members in the form of paid tuition, housing, and Mandatory Fees, and have not provided just compensation for such taking.

7.     Plaintiffs seek, for themselves and Class members, just compensation for the tuition and Mandatory Fees paid, proportionate to the reduction in contracted for services provided during the time that remained in the Spring Semester 2020 where the campuses were closed and students were moved to distance/virtual learning, and the entirety of all semesters affected by Covid-19 for any class members who signed up and paid for on campus classes when the Universities closed/will remain closed and switched to online distance learning, or, in the case of housing, the portion of the housing fee for the days left in the semester for any members of the Class that moved out after the strict move-out dates. The return of such pro-rated amounts would compensate Plaintiffs and

---

[2] James D. Walsh, "The Coming Disruption," New York Magazine, May 11, 2020, available at https://nymag.com/intelligencer/2020/05/scott-galloway-future-of-college.html?utm_source=fb (site last visited June 9, 2020).

the Class members for just compensation sustained by way of Defendant's unconstitutional actions.

8.      Prior to bringing this action, on May 3, 2021, Plaintiffs served a Notice of Claim to the Board on behalf of themselves and the Class defined herein pursuant to Utah Code 63G-7-401. A copy of the Notice of Claim is attached hereto as **Exhibit A**.

9.      Plaintiffs' counsel has sent a Freedom of Information Act (FOIA) request to the Board and each of the individual Universities in order to, *inter alia*, gain access to the internal communications regarding issuing potential refunds and reimbursements to the students, and the ultimate denial of the same. If any information received proves fruitful, Plaintiffs shall amend the Complaint to incorporate.

## PARTIES

10.     Plaintiff Ariiyana Ringgold is a citizen of Nevada.  She paid to attend the Spring 2020 semester at Dixie State University ("Dixie State") as a full-time undergraduate student. Plaintiff Ringgold paid tuition and the Mandatory Fees for the Spring 2020 semester to enable her to obtain an in-person, on-campus educational experience, and enable her to participate in the activities and to utilize the services covered by the Mandatory Fees that she paid.  She has not been provided just compensation for the taking of the tuition paid for her in-person classes that were discontinued and moved online, or the Mandatory Fees she paid after Dixie State's facilities were closed or access was severally limited and events were cancelled.

11.     Plaintiff Miles Ramsey is a citizen of Utah.  He paid to attend the Spring 2020 semester at the University of Utah ("Utah") as a full-time graduate student.  Plaintiff Ramsey paid tuition and the Mandatory Fees for the Spring 2020 semester to enable him to obtain an in-person, on-campus educational experience, and enable him to participate in the activities and to utilize the

4

services covered by the Mandatory Fees that he paid. He has not been provided just compensation for the taking of the tuition paid for his in-person classes that were discontinued and moved online, or the Mandatory Fees he paid after Utah's facilities were closed or access was severely limited and events were cancelled.

12.      Defendant, Utah System of Higher Education, is an institution of higher education that is compiled of eight public universities and eight technical schools[3], with its principal place of business at 60 South 400 West, Salt Lake City, Utah 84101.

13.      The System is governed by a Board of Regents, comprised of seventeen residents of the State of Utah appointed by the Governor with the consent of the Senate. 53B-1-104 UCA. The Board has the authority and ability to create policies regarding tuition at the Universities.[4]

14.      Defendant Harris H. Simons is being sued in his official capacity as member and Chairman of the Board of Regents. The Board maintains its principal place of business at 60 South 400 West, Salt Lake City, Utah 84101.

15.      The Universities offer numerous major fields for undergraduate students, as well as a number of graduate programs. The Universities' programs include students from many, if not all, of the states in the country.

## JURISDICTION AND VENUE

16.      The Court has jurisdiction over this action pursuant to Utah Code Ann. § 78A-5-102 and Utah Code Ann. § 63G-7-302(1).

---

[3] This Complaint does not include the eight technical schools.

[4] https://ushe.edu/ushe-meeting-event/board-of-regents-meeting-36/;
https://www.deseret.com/utah/2020/3/26/21195651/with-covid-19-impacts-weighing-on-their-minds-utah-regents-ok-tuition-hikes-at-most-collegesa

17.     Venue is proper in this county pursuant to Utah Code Ann. § 78B-3-307 and Utah

Code Ann. § 63G-7-502 because this is a county in which the cause(s) of action arises and/or

Defendants reside in this county. Moreover, the Utah System of Higher Education has its principal

office in Salt Lake County, Utah, maintaining its office at The Gateway, 60 South 400 West, Salt

Lake City, Utah 84101.

**FACTUAL ALLEGATIONS**.

18.     Plaintiffs and Class Members paid to attend one of the Universities' Spring 2020

semester, or future semesters affected by Covid-19, including tuition, housing (if they lived on

campus), and/or the Mandatory Fees.

19.     The Spring 2020 semester at Dixie State began on or about January 21, 2020.  The

Spring 2020 semester ended on or around April 30, 2020. The Summer 2020 semester began on

or about May 11, 2020, and ended on or around July 31, 2020.

20.     Dixie State charges students tuition and Mandatory Fees for each semester enrolled.

21.     The Mandatory Fees at Dixie State consists of: Athletics, Human Performance

Center Fund, DSUSA, Recreation/Intramurals/Fitness, IT Support, Student Center Operations,

Department of Student Involvement, Health and Wellness Center, Testing Center, New Student

Center Fund, Tutoring Center, One Time Expense Fund, Radio and Broadcast Advertising, Fine

Arts, Writing Center, Dixie Sun News, Student Inclusion, AED, and Institute of Politics and Public

Affairs.[5]

22.     According to Dixie State, the purpose of these fees is to "make a lot of the

experiences you see on campus a possibility." Further, in exchange for these fees, "[y]ou also get

---

[5] https://dixie.edu/thedixielife/2020-2021-student-fees/

6

access to a ton of great perks" such as "[a]ccess to free athletic games," "access to the fitness center," and "campus events."[6]

23.     The Spring 2020 semester at Utah began on or about January 6, 2020. The Spring semester ended on or around April 29, 2020. The Summer 2020 semester began on May 11, 2020, and ended on or around July 31, 2020.

24.     Utah charges students tuition and Mandatory Fees for each semester enrolled.

25.     The Mandatory Fees at Utah consists of: Computing, Building, Athletic, Student Life Center, Transportation, Gardner Commons, ASUU Activity, Health Services, Campus Recreation, Fine Arts, Library, Utilities, Student Publications Council, Mental Health, Union Building Fee, Money Management, Study Abroad, Sustainability, and Campus Connect.[7]

26.     According to Utah, the fees are paid in exchange for the "availability and the use of facilities," "campus shuttle buses," "free access to sporting events," and "Intramural Sports, Sport Clubs."[8]

27.     Plaintiffs and members of the Class paid all or part of the applicable tuition for the benefit of on-campus live interactive instruction and an on campus educational experience throughout the entire semester.

28.     Plaintiffs and members of the Class paid the Mandatory Fees for the semester so they could benefit throughout the entire semester from the services and facilities for which the Mandatory Fees pertained.

29.     The members of the Class who lived on campus during the Spring 2020 semester paid the applicable cost for the benefit of on-campus housing throughout the entire semester.

---

[6] *Id.*
[7] https://www.obia.utah.edu/tuition-required-fees/
[8] *Id.*

30.     The other Universities charged tuition, housing, and Mandatory Fees that varied depending on which campus the student was enrolled with, and whether the student was a resident of the State of Utah.

31.     The Universities have retained the value of the tuition, housing, and Mandatory Fees, while failing to provide the services for which they were paid.

32.     Members of the Class have demanded the return of the prorated portion of tuition and Mandatory Fees, and have taken to an online petition to demand the same.[9]

33.     Despite the demand from the Class, the Universities have not provided any refund of tuition or Mandatory Fees and continue to retain the monies paid by Plaintiffs and the Class. This retention amounts to a taking.

34.     The Universities and their students are governed by certain agreements amongst them such as policies, handbooks, codes of conduct, and/or general customary practices.

35.     For example, Dixie State's Code of Student Rights and Responsibilities provides that students have a right to a learning environment. Specifically:

> 1. **Learning Environment:** Students have a right to an environment and climate conducive to learning and thinking. Students have a right of reasonable access to University facilities, services, and programs, including access to faculty members and to courses as described in the University Catalog. University teaching should reflect consideration for the dignity of students and their rights and individuals. Students have a right to be treated with courtesy and respect.[10]

36.     Similarly, Utah's Student Code indicates that its purpose is to: "set forth the specific authority and responsibility of the University to maintain social discipline, to establish guidelines

---

[9] https://www.change.org/p/utah-state-university-petition-for-usu-to-reimburse-students-a-portion-of-their-semester-fees

[10] https://catalog.dixie.edu/codeofstudentrightsresponsibilities/

that facilitate a just and civil campus community, and to outline the educational process for determining student and student organization responsibility for alleged violations of University regulations. University policies have been designed to protect individuals and the campus community and create an environment conducive to achieving the academic mission of the institution."[11]

### *In Response to COVID-19, the Universities Closed Campus, Preventing Access to its Facilities, Services, Housing, and Cancelled All In-Person Classes*

37.     In response to the COVID-19 pandemic, Dixie State created a new section for its website to provide updates and answer frequently asked questions.[12]

38.     Starting immediately after spring break, on March 23, 2020, Dixie State cancelled all in-person classes and transitioned to remote online courses for the rest of the Spring 2020 semester. Dixie State further canceled all campus events, gatherings, and athletics for the foreseeable future.[13]

39.     Specifically, in response to the COVID-19 pandemic, Dixie State uploaded the following information to its website:

## ARE ALL CLASSES BEING HELD REMOTELY?

Starting Monday, March 23, lecture-style classes traditionally held on campus will be held remotely to protect the health of the community. Remote learning employs various methods including but not limited to online courses, podcasts, and face-to-face live Internet sessions.

---

[11] https://regulations.utah.edu/academics/6-400.php
[12] https://wellness.dixie.edu/coronavirus-information/
[13] *Id.*

### WHAT EVENTS ON CAMPUS HAVE BEEN CANCELED?

All University-sponsored events and mass gatherings are being canceled, rescheduled, or conducted remotely until further notice.

### SHOULD I CANCEL MY ON-CAMPUS MEETING?

If possible, meetings should be conducted via videoconferencing or teleconferencing; if this is not an option, they should be postponed.

### ARE ATHLETIC EVENTS CANCELED?

Yes. DSU's Department of Intercollegiate Athletics has canceled all remaining 2020 conference and non-conference spring athletic events, travel, and practices. Get the latest update from Dixie State Athletics here.

14

40.     On or about March 23, 2020, Dixie State placed limitations on facilities and services by restricting hours and access for students. Specifically, the library was open only for computer and printer use, and students were urged to study remotely and only come to the library when absolutely necessary. All other facilities were either closed in order to provide services remotely, or remained open with significantly reduced hours.[15]

41.     After transitioning all in-person classes to a remote online learning format, Dixie State gave students the option to receive a Pass/No Credit grade in lieu of traditional letter grading.[16]

42.     Dixie State subsequently postponed the Spring 2020 commencement ceremony to December 11, 2020.[17]

43.     Dixie State ultimately decided to cancel in person classes for the entirety of the Summer 2020 semester, administering classes remotely instead.

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

44.     Dixie State has not held a full in-person semester of classes since March 13, 2020, which was just before the commencement of its spring break.  Classes that have continued since March 23, 2020 during the Spring 2020 and Summer 2020 terms were only offered in a remote online format with no in-person instruction or interaction.

45.     Also in response to the COVID-19 pandemic, Dixie State gave students the option to move out of on-campus housing by April 7, 2020 to obtain a prorated refund of housing costs.[18] Student who could not move out prior to that date were not eligible for a refund.

46.     Dixie State posted on its website that no refund for tuition will be given since it is continuing education online. It did not provide any refund information for the Mandatory Fees.[19]

47.     Upon information and belief, the other Universities, including Utah, followed similar procedures under the guidance of the Board, cancelling in person classes and on campus services, while retaining the full amount of tuition and Mandatory Fees paid.

### *Plaintiffs and the Class Members Contracted with the Universities to Receive In-Person Instruction and Facility Access by Paying Tuition and Fees*

48.     Students attending the Universities did not choose to attend an online institution of higher learning, but instead chose to enroll in the Universities' in-person educational program.

49.     On their websites, the Universities solicit students by describing the on-campus experience as a benefit of enrollment by stating:

> Learning is exciting when you fill your life with enriching experiences and unforgettable friendships. Catch a game, see a concert, join a club, and learn lessons that last a lifetime.

---

[18] *Id.*

[19] *Id.*

## CLUBS & ORGANIZATIONS

Get the most out of your Dixie experience. Make lasting connections and explore your interests with our diverse clubs and organizations.

/ JOIN A GROUP

## OUTDOOR & CAMPUS RECREATION

Energize your learning with Dixie's abundant recreational experiences. Swim a few laps or take a ride through the canyon to keep your brain and body invigorated.

/ GET MOVING

## STUDENT ACTIVITIES

There's always something exciting happening on campus in the surrounding areas. Find out what's going on and get involved.

/ GET INVOLVED

## CAMPUS RECREATION

Indoor, outdoor, pool, and intramural or club sports activities - Whatever you enjoy we have it.

/ GET ACTIVE

## SERVICE OPPORTUNITIES

We strive to connect the community and university with meaningful volunteer experiences. We invite all to join us as we embrace the spirit of volunteerism.

/ GIVE BACK

## INCLUSION CENTER

Join with your fellow students to celebrate the many cultures that make our university great.

/ GET INVOLVED

20

While academics rule the day, the experiences outside of class is a major part to life at the U. Around campus, extracurricular activities abound with hundreds of clubs and student groups, ranging from the serious and studious (like, the Park Debate Society) to the adrenaline-filled and heart-pumping (see Freeskier Society), with nearly everything in between.   21

## Campus Life

USU is the oldest residential campus in Utah offering a variety of year-round activities and countless ways to connect with other members of the university community.   22

---

20 https://campuslife.dixie.edu/

21 https://www.utah.edu/_archive/life/student.php

22 https://www.usu.edu/campus-life/

12

**ENGAGING**
**CAMPUS LIFE**

Fill your university life with
unforgettable experiences at
the Sears Art Museum, the O.C.
Tanner Amphitheater, or one
of the many sporting events
throughout the year.    [23]

50.     Some of the Universities offer online classes as a distinct product offering that
requires separate enrollment and registration.

51.     Plaintiffs and members of the Class did not choose the online programs offered by
the Universities.

52.     Prior to Covid-19, Dixie State offered "DSU Online." [24]

53.     Leaving the decision to enroll in online programs to the students, Dixie State states:
"Follow in the footsteps of other Trailblazers, and choose an online program that works for your
schedule, lifestyle, and location."[25]

54.     When reviewing the programs offered at Utah, the university proclaims: "With 18
colleges and schools and nearly 100 departments, one would be hard pressed to find a subject
matter not taught at the U. It's this broad spectrum of diverse academic pursuits that contributes to
the ***intellectual energy experienced on campus***."[26] (emphasis added).

---

[23] https://web.archive.org/web/20191216034518/https://dixie.edu/
[24] https://web.archive.org/web/20200320124720if_/https://online.dixie.edu/
[25] https://online.dixie.edu/programs/
[26] https://www.utah.edu/academics/colleges.php

13

55.     Utah has a pledge entitled "Student Success" that makes four distinct promises: (i) Promise 1: Learning Communities; (ii) Promise 2: Advising & Mentoring; (iii) Promise 3: Plan to Finish; (iv) Promise 4: Deeply Engaged Learning Experience.[27]

56.     Utah's first promise to its students is to provide a collaborative community where you do noy need to study alone:

## LEARNING COMMUNITIES & COHORTS

No need to study alone in your dorm or secluded in the library. During your first year at the U you can be part of a cohort. A group of students working through the same curriculum. Your academic crew. You can also study in a learning community. Students with the same academic interests taking courses and participating in extracurricular activities together.

[28]

57.     The Universities use their websites, promotional materials, circulars, admission papers, handbooks, codes, and publications to solicit and offer on campus education students will receive in its facilities.

58.     During the online portion of the semesters, the Universities offered some classes through Zoom. Other classes, however, stopped providing the students with any lectures at all and required that the students learn on their own and turn in assignments when due.  Therefore, there was a lack of bargained-for classroom interaction among teachers and students and among individual students.

59.     Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

60.     Access to facilities such as libraries, laboratories, computer labs, and study rooms, are also a bargained for component of Plaintiffs and the Class members' college education, and

---

[27] https://studentsuccess.utah.edu/
[28] https://studentsuccess.utah.edu/resources/learning-communities-amp-cohorts/

14

access to the myriad activities offered by campus life fosters social development and independence, and networking for future careers, all substantial and materials parts of the basis upon which the Universities can charge the tuition it charges, are not being provided.

61.     The Universities have not made any refund of any portion of the tuition Plaintiffs and the members of the Class paid for the semesters for the period it moved to on-line distance learning.

62.     Nor have the Universities refunded any portion of the Mandatory Fees it collected from Plaintiffs and the members of the Class for the semesters even though it limited access to or ceased the services and facilities for which the Mandatory Fees were intended to pay.

63.     There are also members of the Class who were not able to move out of Universities' housing prior to the strict move out dates and should be entitled to a prorated refund for the remaining days of the Spring 2020 semester.

64.     Plaintiffs and the Class members are therefore entitled to just compensation for the taking of the tuition and Mandatory Fees they paid for the semesters affected by Covid-19 for the reduction in benefits received during remaining days of the semester after classes moved from in-person to online and facilities were closed or severally limited. Further, any students who lived on campus during the Spring 2020 semester and who moved out after the strict move out date, should be entitled to just compensation for the taking of housing fees that they paid for the remaining days of that semester after they left the campus.

65.     Defendants are obligated to uphold the Utah and United States Constitutions.

66.     By denying in-person learning and on-campus benefits and opportunities, Defendants have violated the Utah Constitution, Article I, §§ 7 and 22, and the United States Constitution's Fifth and Fourteenth Amendments. Plaintiffs and members of the Class are entitled

to just compensation for the taking of tuition, housing, and Mandatory Fees for the reduction in benefits received for the duration of the Universities COVID-19 related closures for the in-person education and on-campus services and opportunities that Plaintiffs and members of the Class have been denied.

## CLASS ACTION ALLEGATIONS

67.     Plaintiffs bring this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All persons who paid tuition, housing fees (for those who lived on-campus), and/or the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020 semester and/or Summer 2020 semester at one of the Universities but had their class(es) moved to online learning (the "Class").

68.     Excluded from the Class is Defendants, their subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which Defendants have a controlling interest, the legal representative, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

69.     Plaintiffs reserve the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

70.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Utah Rules of Civil Procedure.

71.     The requirements of Rule 23(a)(1) have been met.  The Class is so numerous that joinder of all members is impracticable.  Although the precise number of Class members is unknown to Plaintiffs, it is believed that the number of students enrolled in the Spring 2020 semester exceed 150,000. The number of students enrolled for Summer 2020 or any future

semesters is unknown at this time. The identity of all such students is known to the Universities and can be identified through the Universities' records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

72.     The requirements of Rule 23(a)(2) have been met.  There are questions of law and fact common to the members of the Class including, without limitation:

    a.  Whether the Universities accepted money from Plaintiffs and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as access to certain facilities and services throughout the Spring 2020 semester;

    b.  Whether Defendants breached its contracts with Plaintiffs and the members of the Class by failing to provide them with an in-person and on-campus live education after mid-March 2020;

    c.  Whether Defendants complied with the Constitutional requirements for seizing and retaining Plaintiffs' and the Class members' property without providing the services that the tuition, housing, and Mandatory Fees were intended to cover;

    d.  Whether Defendants afforded Plaintiffs and the other Class members notice and due process before seizing and retaining their property; and

    e.  The amount of just compensation and other relief to be awarded to Plaintiffs and the Class members.

73.     The requirements of Rule 23(a)(3) have been met.  Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs and the other Class members each contracted with Defendants for it to provide an in-person and on-campus live education for the

tuition they paid, Universities housing (for those who lived on-campus), and access to the services and facilities for the Mandatory Fees that they paid, that the Universities stopped providing in mid-March, all while unlawfully retaining the property (funds) of the Plaintiffs and Class.

74.     The requirements of Rule 23(a)(4) have been met.  Plaintiffs are adequate class representative because their interests do not conflict with the interests of the other Class members who the seek to represent, Plaintiffs have retained competent counsel who are experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously.  Class members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

75.     Class certification of Plaintiffs' claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The amounts of just compensation owed to the individual Class members, or the damages or financial detriment suffered by individual Class members, are relatively small compared to the burden and expense of individual litigation of their claims against the Universities.  It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them.   Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE TAKINGS CLAUSE - 42 U.S.C. § 1983**
**(On Behalf of Plaintiffs and the Class)**

76.     Plaintiffs repeat and re-alleges the factual allegations above, as if fully alleged herein.

77.     Plaintiffs brings this claim individually and on behalf of the members of the Class against the individually named Defendant.

78.     The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. Amend. V. The takings clause is made applicable to the states through the Fourteenth Amendment. *See* U.S. Const. Amend. XIV; *Murr v. Wisconsin*, 137 S. Ct. 1933, 1942, 198 L. Ed. 2d 497 (2017) (citing *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897)).

79.     Takings claims may properly be brought against state agencies and are not barred by sovereign immunity.

80.     Common law has recognized that there is a property right by an owner in funds held in an account managed by another. Here, the Universities received payment of tuition, housing, and Mandatory Fees from private citizens, as consideration for the benefit of receiving in-person course instruction, housing, and other on-campus benefits - the funds are thus private in nature but held by a public entity. Plaintiffs and the other members of the Class have a protected property right in all sums they paid to the Universities.[29]

---

[29] Indeed, colleges and universities must be able to separately account for student payments, as well as financial aid received on an individual student's behalf, as these institutions are frequently required to issue refunds to the government and the student for instances where the student enrolls, but does not complete classes for which the institution has received financial aid payments from the federal government. The Higher Education Act ("HEA"), Title IV, governs federally funded student financial aid programs for college and post-secondary vocational

81.     In addition, prior to the start of the Spring 2020 term, Plaintiffs and the Class members paid for and/or agreed to pay for an in-person educational experience and access to Defendant's campus and facilities.  As a result, Plaintiffs and Class members also have a protected property interest in an enforceable right to receive such services.

82.     Defendant violated the Takings Clause by failing to provide ongoing contracted for services and by failing to return to Plaintiffs and members of the Class that portion of the tuition, housing, and Mandatory Fees for which they received nothing, or significantly less than what they bargained for in return. Neither Plaintiffs nor the other Class members have made a knowing and voluntary waiver of their constitutional right under the Fifth Amendment to be paid just compensation for the taking of their property rights in those funds.

83.     Thus, Plaintiffs and the Class are entitled to injunctive relief prohibiting Defendants from continuing to charge full tuition and fees when only providing online distance learning and limited or no access to campus, and injunctive relief ordering Defendants to return funds unlawfully withheld.

### SECOND CLAIM FOR RELIEF
### DUE PROCESS - 42 U.S.C. § 1983
### (On Behalf of Plaintiffs and the Class)

84.     Plaintiffs repeat and re-allege the factual allegations set forth above as if fully alleged herein.

---

training. *See* 20 U.S.C. §§ 1070–1099 (1990 & 1992 Supp.).  The HEA requires that when a student withdraws partway through the enrollment period, the institution must refund a certain portion of the charges to account for its reduced educational obligations toward the student. *Career Coll. Ass'n v. Riley*, 74 F.3d 1265, 1269 (D.C. Cir. 1996).  Thus, it is beyond dispute that any college or university receiving any tuition payments through government-provided financial aid must be able to account for what was paid for each individual student.  This means that each student's tuition funds must be capable of being separately identified and sequestered.

85.     Plaintiffs bring the claim individually and on behalf of the members of the Class against all Defendants.

86.     Government actors must provide adequate due process procedures when depriving citizens of protected property interests. U.S. Const. Amend. XIV; Utah Const. Art. I, § 7.

87.     The due process clauses of the U.S. and Utah Constitutions prohibits the State of Utah and the governmental agencies that it forms, such as the System and the Board, from depriving citizens of a protected property interest without due process of law.

88.     Plaintiffs and the Class members had a constitutionally protected property interest in the tuition, housing, and Mandatory Fees they paid for in-person education, housing, and on-campus services and opportunities but were denied due to the COVID-19 pandemic. Plaintiffs and Class members also had a constitutionally protected property interest in ongoing services as contracted for with the Universities.

89.     Defendants took actions affecting Plaintiffs and the other Class members' constitutionally protected property interest by failing to provide ongoing contracted for services and by retaining amounts from Plaintiffs' and the Class members' payment of tuition, housing, and Mandatory Fees.

90.     Defendants deprived Plaintiffs and the other Class members of their protected property interests without due process of law by, for example:

a.   Failing to provide timely notice to Plaintiffs and the Class, whose identity and contact information Defendants either knew, or by exercise or reasonable diligence should have known, of the refundable nature of the tuition, housing, and Mandatory Fees;

b.   Failing to design and implement criteria by which the tuition, housing, and Mandatory Fees can be refunded to Plaintiffs and the Class in light of the Universities ceasing or severally limiting all on-campus in-person lectures, housing, and activities due to the COVID-19 pandemic; and

    c.  Failing to design and implement a mechanism by which Plaintiffs and the other Class members can obtain a refund of the tuition, housing, and Mandatory Fees in light of the Universities' ceasing or severally limiting all on-campus in-person lectures, housing, and activities due to the COVID-19 pandemic.

91.    Defendants' failure to comply with the requirements of due process has deprived Plaintiffs and the Class members of their property and/or has resulted in substantial detriment to the Plaintiffs and the Class.

**THIRD CLAIM FOR RELIEF**
**INVERSE CONDEMNATION**
**(On Behalf of Plaintiffs and the Class)**

92.    Plaintiffs repeat and re-allege the factual allegations set forth above as if fully alleged herein.

93.    Plaintiffs brings this claim individually and on behalf of the Class members against all Defendants.

94.    Article I, § 22 of the Utah Constitution provides "Private property shall not be taken or damaged for public use without just compensation." Utah Const. art. I, § 22. Thus, the Utah Constitution prohibits the individual Defendants from taking private property for public use without just compensation.

95.    Common law has recognized that there is a property right by an owner in funds held in an account managed by another. Here, Defendants received payment of tuition, housing, and mandatory fees from private citizens, as consideration for the benefit of receiving in-person course instruction, housing, and other on-campus benefits—the funds are thus private in nature but held by a public entity. Plaintiffs and Class Members have a protected property right in all sums they paid to Defendants.

96.     In addition, prior to the start of the Spring 2020 term, Plaintiffs and the Class members paid for and/or agreed to pay for an in-person educational experience and access to Defendant's campus and facilities.  As a result, Plaintiffs and Class members also have a protected property interest in an enforceable right to receive such services.

97.     Defendants violated the Utah Constitution by failing to provide the contracted for in-person on-campus education and experience or return and/or direct the return to Plaintiffs and Class Members that portion of the tuition, housing, and mandatory fees for which they received nothing, or significantly less than what they bargained for in return. Neither Plaintiffs nor the other Class Members have made a knowing and voluntary waiver of their constitutional right under the Utah Constitution to be paid just compensation for the taking of their property rights in those funds.

98.     Thus, Plaintiffs and the Class are entitled to just compensation for the taking of their property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of Plaintiffs and the Class against Defendants as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class;

(b)      For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

(c)     For just compensation in an amount to be determined by the trier of fact;

(d)     For an order of restitution and all other forms of equitable monetary relief;

23

(e)      Awarding Plaintiffs' reasonable attorneys' fees, costs, and expenses;

(f)      Awarding pre- and post-judgment interest on any amounts awarded; and,

(g)      Awarding such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Utah Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED the 14th day of July, 2021.

ANDERSON & KARRENBERG

*/s/ Deborah R. Chandler*
Deborah R. Chandler
Samantha E. Hawe
*Attorneys for Plaintiffs and Proposed Class*

24